## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

UNITED STATES OF AMERICA

       Case No. 25-50079

    Plaintiff,

       Honorable Denise Page Hood

v.

CARLA DEVON HILLS

    Defendant.

_____/

## ORDER DENYING PLAINTIFF'S MOTION TO DISMISS WITH PREJUDICE THE PETITION OF ROBERT HILLS FOR LACK OF STANDING [ECF NO. 7] and NOTICE OF HEARING

### I.    INTRODUCTION

Before the Court is Plaintiff, United States', motion to dismiss with prejudice petition of Robert Hills ("Hills") for lack of standing. [ECF No. 7].[1] The motion is fully briefed. [ECF Nos. 9 and 10]. For the reasons stated herein, the motion is DENIED.

### II.    BACKGROUND

Hills purchased all of the outstanding shares of stock in New Era Home Care, Inc. ("New Era") on March 6, 2012. [ECF No. 2, Page ID.1]. Hills then designated

---

[1] ECF No. 2 is docketed as a Motion for Return of Property, but the Court will construe it as a third-party ancillary proceeding petition under 21 U.S.C. § 853(n) as Petitioner seeks to assert an interest in assets subject to forfeiture in connection with Defendant Carla Hills' conviction in *United States v. Hills*, 21-cr-20350.

his daughter, Defendant Carla Hills ("Defendant"), as the day-to-day manager of New Era from the time of purchase until it was closed. *Id*. at PageID.2. In or around the spring of 2021, New Era was shut down by the government and Defendant was charged with conspiracy to commit healthcare fraud (E.D. Mich. Case No. 21-20350). [ECF No. 7, PageID.129]. In November of 2021, Defendant signed a Rule 11 Plea Agreement by which she agreed to forfeit her interest in the gross proceeds traceable to her violation and a money judgment of over $3 million. *Id*. By all accounts, the gross proceeds traceable to the violation includes about $130k located in three bank accounts held by New Era. [ECF No. 2, PageID.2; ECF No. 7, PageID.129].

In November of 2023, Plaintiff filed a First Forfeiture Bill of Particulars which included the approximately $129,434.68 contained in the three subject bank accounts held by New Era. [EC No. 7, PageID.129]. A Stipulated Preliminary Order of Forfeiture was executed and entered by the Court on January 4, 2024. *Id*. at PageID.30. There, Defendant agreed to forfeit the funds within the three bank accounts held by New Era. *Id*. Plaintiff took steps to notify interested parties of the Stipulated Preliminary Order of Forfeiture. Hills timely commenced this ancillary action. *Id*. at PageiD.131-32.

Hills asserts that he is the 100% owner of New Era and that he has an interest in the funds held in the 3 bank accounts at issue. [ECF No. 1]

Plaintiff now seeks dismissal of this matter arguing Hills lacks standing to bring this matter as New Era is the real party in interest. The Court agrees.

## III.   LAW AND ANALYSIS

21 U.S.C. 853(n)(2) allows any person, other than the defendant, to assert a legal interest in property which has been forfeited to the United States by bringing a third-party action. Federal Rule of Criminal Procedure 32.2(c) sets out the procedure to be followed when a third party files a petition asserting an interest in the property to be forfeited. The Rule requires courts to conduct an ancillary proceeding unless the forfeiture consists of a money judgment. Fed. R. Crim. P. 32.2(c)(1). Subsection (c)(1)(A) allows the court to dismiss the action on motion or for any lawful reason. *Id*.

"Under Rule 32.2, 'a motion to dismiss a third-party petition in a forfeiture proceeding prior to discovery or a hearing should be treated like a motion to dismiss a civil complaint under Federal Rule of Civil Procedure 12(b).'" *United States v. Salti*, 579 F.3d 656, 667 (6th Cir. 2009) quoting *Pacheco v. Serendensky*, 393 F.3d 348, 352 (2d Cir.2004). In assessing a Rule 12(b)(6) motion, the Court must construe the petition in the light most favorable to the Petitioner and accept all well-pleaded factual allegations as true. *Ziegler v. IBP Hog Mkt., Inc.*, 249 F.3d 509, 512 (6th Cir. 2001). However, the factual allegations of the petition must be enough to raise a right to relief above the speculative level. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544,

3

555 (2007) see also *Traverse Bay Area Intermediate Sch. Dist. v. Mich. Dep't of Educ.*, 615 F.3d 622, 627 (6th Cir. 2010) (quoting *Twombly*, 550 U.S. at 570) ("To survive a motion to dismiss, [the petitioner] must allege 'enough facts to state a claim to relief that is plausible on its face.'"). "A [Petitioner] need not prove the merits of his underlying claim, but he must claim a facially colorable interest in the seized property" to satisfy the requirements of standing. *Id*., citing *United States v. $515,060.42 in U.S. Currency*, 152 F.3d 491, 497–98 (6th Cir. 1998).

Plaintiff asserts that this matter should be dismissed because Petitioner lacks legal standing to contest the forfeiture. [ECF No. 7, PageID.134]. To establish standing, Petitioner must satisfy both constitutional and statutory elements. *United States v. White*, 675 F.3d 1073, 1078 (8th Cir. 2012). Constitutional standing requires that Petitioner demonstrate an ownership or possessory interest in the seized property. *Id*. "An ownership interest sufficient for Article III standing 'can be shown by actual possession, control, title, and financial stake.'" *Id*. quoting *United States v. Premises Known as 7725 Unity Avenue North, Brooklyn Park, Minn.*, 294 F.3d 954, 956 (8th Cir.2002). "Statutory standing under § 853(n) requires that [petitioner] demonstrate a legal interest" in the forfeited funds. *Id*. "Because a legal interest is required to bring a claim under 21 U.S.C. § 853(n)(2), a court must first look to the law of the jurisdiction that created the property right to determine whether the claimant has a valid interest." *Id*.

Plaintiff argues that Petitioner's status as the 100% owner of New Era does not make him the owner of the funds located within the three bank accounts at issue. Plaintiff further asserts that "[u]nder Michigan law, it is well-established that a corporation and its shareholders are different entities. [ECF No. 7, PageID.135]. Plaintiff cites *Rhode Island Hosp. Tr. Co. v. Doughton*, 270 U.S. 69, 81 (1926) for the proposition that the "owner of the shares of stock in a company is not the owner of the corporation's property." *Id*. It is Plaintiff's position that because the subject bank accounts are in the name of New Era, New Era is the real party in interest and Michigan law does not recognize Hills' interest in the funds solely based on his status as the 100% owner. *Id*. at PageID.136-37. Plaintiff is not exactly on point.

Hills argues that "New Era has not operated for approximately 6 years and has had no actual existence or operational capacity for that almost 6-year period. [ECF No. 9, PageID.148]. Hills asserts that he is the real party in interest in this case because New Era no longer exists. *Id*. At the hearing the Court asked Hills' attorney if New Era was a dissolved corporation under Michigan law to which he responded, it was not. However, upon a search of Michigan's Licensing and Regulatory Affairs website, the Court found that New Era is a dissolved Company with an inactive date of July 15, 2020.

Michigan's Business Corporations Act, MCL 450.1801, *et seq.*, provides for the proper dissolution of Michigan Corporations. MCL 450.1833 contemplates the corporate existence of a dissolved corporation. It states:

> Except as a court may otherwise direct, a dissolved corporation shall continue its corporate existence but shall not carry on business except for the purpose of winding up its affairs by:
>
> > (a) Collecting its assets.
> >
> > (b) Selling or otherwise transferring, with or without security, assets which are not to be distributed in kind to its shareholders.
> >
> > (c) Paying its debts and other liabilities.
> >
> > (d) Doing all other acts incident to liquidation of its business and affairs.

Mich. Comp. Laws 450.1833.

In *Flint Cold Storage v. Dep't. of Treasury*, 285 Mich. App. 483, 776 N.W.2d 387 (2009)[2], plaintiff sought to recover funds payable to Flint Cold Storage, a company of which she, her son, and late husband were the sole officers at the time of its dissolution in 1975. *Flint Cold Storage v. Dep't. of Treasury*, 285 Mich. App. 483, 486, 776 N.W.2d 387, 390 (2009). Plaintiff provided the Unclaimed Property Division with the 1975 annual report as proof of her status. *Id*. The Unclaimed Property Division denied plaintiff's claim and plaintiff filed suit in the name of Flint

---

[2] Plaintiff cites this case for the proposition that a corporation and its shareholders are different entities but fails to acknowledge the holding which leans in favor of Hills' position. Hills does not cite this case but argues that he is the real party in interest and not New Era because New Era no longer exists.

Cold Storage in circuit court alleging that it was the rightful owner of the unclaimed funds. *Id*. at 487.

Plaintiff moved for summary disposition arguing that "it was beyond genuine fact that Flint Cold and Storage was the rightful owner of the unclaimed funds" and "although it had dissolved in 1975, it had the authority under MCL 450.1833 'to continue doing business after dissolution for the purpose of collecting its assets.'" *Id*. at 488. Defendant filed its own motion for summary disposition arguing that "Flint Cold Storage lacked the capacity to sue because it no longer existed" and "Flint Cold Storage could not possibly be still winding up its affairs more than 32 years after dissolution." *Id*. Defendant further argued that because Flint Cold Storage no longer existed, the historic shareholders at the time of dissolution were the rightful owners of the funds and those individuals had not been identified. *Id*. at 489.

The circuit court granted summary disposition in favor of defendant. Analyzing MCL 450.1833 and 1834, the court found that "although it is feasible that the money truly does belong to plaintiff, it can't be said that after 33 years the plaintiff is still winding up its business." *Id*. at 491. Therefore, plaintiff lacked the capacity to sue or be sued because it was considered a dead person. *Id*. On appeal, the Michigan Court of Appeals held that while the Business Corporation Act (MCL 450.1801 *et seq*.) "does not provide an express time limitation for the winding up of corporate affairs, a corporation must finish liquidating its business and complete the

7

winding up process within a reasonable time." *Id*. at 497. The court concluded that 32 years was not a reasonable time and "once the existence of a dissolved corporation has terminated, it loses the powers enumerated in MCL 450.1833 and 450.1834, including the power to sue and be sued. *Id*. at 498.

The court further concluded that a right of action could have been maintained to claim the funds in the names of the historic shareholders. *Id*. at 501-2 ("Like a decedent's estate, we perceive no reason why a terminated corporation's historic shareholders at the time of dissolution could not maintain an action under MCL 567.247 to recover unclaimed property held in the name of the terminated corporation."). The court held "[q]uite simply, the problem for plaintiff is not that the $188,679.99 in unclaimed funds can never be recovered, but that this action was commenced and prosecuted by the improper party." *Id*. at 502.

Since Michigan's Licensing and Regulatory Affairs website lists New Era as a dissolved Company with an inactive date of July 15, 2020, *Flint Cold Storage* instructs that where a company has dissolved and a reasonable amount of time has past for it to finish its winding up activities, the company ceases to exist, and it no longer has the capacity to sue or be sued. *Flint Cold Storage*, 285 Mich. App. at 498. At that point, the historic shareholders at the time of dissolution would become the rightful owners of the property under MCL 567.247. *Id*. at 501 ("Similar in some respects to the manner in which a decedent's assets pass to his or her estate upon

8

death, a dissolved corporation's remaining assets pass to its shareholders as beneficial owners once liquidation and winding up is complete and all creditors have been satisfied.").

Hills may be able to show a legal interest in the funds located in the subject bank accounts because public record reveals that New Era is a dissolved entity under MCL 1833 and 1834 and has completed its winding up activities. See *Berg v. Fox Point Beach Ass'n, Inc.*, No. 365502, 2024 WL 3912427, at *5 (Mich. Ct. App. Aug. 22, 2024) ("a dissolved corporation's remaining assets pass to its shareholders as beneficial owners once liquidation and winding up is complete and all creditors have been satisfied."). Therefore, Plaintiff's motion to dismiss is DENIED.

## IV.    CONCLUSION/ORDER

In light of the foregoing,

IT IS ORDERED that Plaintiff's Motion to Dismiss with Prejudice the Petition of Robert Hills for Lack of Standing **[ECF No. 7]** is **DENIED**.

IT IS FURTHER ORDERED that the hearing date for Petitioner's Motion for Return of Property/Request for Hearing to Obtain Interest in Seized Funds [ECF No. 2] is set for **Wednesday, November 19, 2025, 4:00 p.m.**

s/Denise Page Hood
Denise Page Hood
United States District Judge

Dated:  September 30, 2025

9